FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 DEC 14 AM 8:51

CLERK OF COURT

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| Caleb Rucker, individually and on behalf of all others similarly situated | § § § | |
| Plaintiff, | § § | 4-12CV-897-A |
| | § | Civil Action Number: _____ |
| v. | § § | |
| Patterson-UTI Drilling Company, LLC | § § | Jury Demanded |
| Defendant | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Caleb Rucker, individually and on behalf of all others similarly situated ("Plaintiff" and "Class Members" herein) brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant and shows as follows:

### A. Nature of Suit.

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant failed to pay Plaintiff in accordance with the Fair Labor Standards Act. Specifically, Plaintiff was misclassified as an exempt employee, and as a result, Defendant failed to pay Plaintiff at time and one half his regular rate of pay for hours worked in a workweek in excess of 40.

## B. Parties.

3. Plaintiff CALEB RUCKER is an individual who was employed by Defendant within the meaning of the FLSA within the three year period preceding the filing of this Complaint. Plaintiff lives in the Northern District of Texas.

4. The "Class Members" are other drilling rig maintenance technicians who were misclassified as exempt employees by Defendant, within the actionable time period.

5. PATTERSON-UTI DRILLING COMPANY, LLC, (hereinafter "Patterson Drilling" or "Defendant") is a domestic limited liability company, existing under the laws of Texas, whose office address is P.O. Box 1416, Snyder, Texas 79550. Defendant may be served by serving the registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

## C. Jurisdiction and Venue.

6. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

7. Defendant carries on substantial business in the Northern District of Texas and has sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

8. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

## D. Coverage.

9. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

10. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206 -207.

### E. Factual Allegations

14. Defendant has approximately 330 marketable land-based drilling rigs that operate primarily in oil and natural gas producing regions of Texas, New Mexico, Oklahoma, Arkansas, Louisiana, Mississippi, Colorado, Utah, Wyoming, Montana, North Dakota, Pennsylvania, West Virginia, Ohio and Western Canada.

15. Plaintiff worked for Defendant at its Springtown, Texas location as a top drive maintenance technician from approximately July, 2011 to November 2, 2012.

16. During the time period, Plaintiffs' job responsibilities consisted of addressing, as directed by Defendant, the maintenance of the top drive motors on the drilling rigs at Defendant's work locations and drilling rigs in or near Springtown, Texas.

17. Plaintiff's primary job duties consisted of manual labor tasks in the form of repair, maintenance and other non-office, manual labor work. Plaintiff was also responsible for various other non-discretionary tasks. These other non-discretionary tasks Plaintiff performs are routine and do not require the exercise of independent judgment or discretion.

18. At all times during his employment, Plaintiff was treated as an exempt employee for purposes of the FLSA, was paid a salary for his work, and was not paid time and one-half his regular rate of pay for hours worked in excess of 40 hours in a work week.

19. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

20. The FLSA requires employers to keep accurate time records of hours worked by nonexempt employees. 29 U.S.C. § 211 (c).

21. In addition to the pay violations of the FLSA identified above, Defendant also failed to keep proper time records as required by the FLSA.

22. Plaintiff has retained the Law Office of Chris R. Miltenberger, PLLC to represent him in this litigation and has agreed to pay a reasonable fee of its services.

### F. Collective Action Allegations.

23. Other employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA. Some of these employees have worked with Plaintiff and have reported that they were paid in the same manner as Plaintiff with no overtime pay for hours worked in excess of 40 per workweek. Thus, from discussion with these employees,

Plaintiff is aware that the illegal practices or policies of Defendant have been uniformly imposed on the Class Members.

24. The Class Members performed the same or similar job duties in that they all perform basic maintenance for the drilling rigs on which they work. Moreover, these employees regularly worked more than 40 hours in a workweek and were not paid time and one-half their regular rate of pay for hours worked in excess of 40 hours in a work week.

25. Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiffs in terms of job duties and pay provisions.

26. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members.

27. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment. All Class Members, regardless of their work location, precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiffs and the Class Members. Accordingly, the class of similarly situated plaintiffs is properly defined as:

   a. **All drilling rig maintenance technicians who worked for Defendant within the last three years that were classified as exempt, salaried employees, who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

28. As a collective action, Plaintiff seeks this Court's appointment and\or designation as representative of a group of similarly situated individuals as defined herein.

### G. Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.

29. Each and every allegation contained in the foregoing paragraphs 1-28, inclusive, is re-alleged as if fully rewritten herein.

30. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a- half times the regular rates for which they were employed.

31. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

32. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

33. Defendant's willfulness is exhibited by its action of classifying other drilling rig maintenance employees whose job duties are similar to Plaintiff's as non-exempt employees. Defendant compensates those employees for the overtime they work. Thus, Defendant is aware of the requirements of the FLSA but refuses to apply such requirements to Plaintiff and the Class Members.

34. Defendant's willfulness is also exhibited by the fact that manual laborers and technicians that perform repair duties similar to the duties Plaintiff and the Class Members perform are traditionally classified as non-exempt employees and paid overtime.

### H. Jury Demand.

35. Plaintiff demands a trial by jury herein.

### I. Relief Sought.

36. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he and all those who consent to be opt-in plaintiffs in this collective action recover from Defendant, the following:

   a. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and his counsel to represent the Class Members;

   b. An Order requiring Defendant to provide the names, addresses and telephone numbers of all potential Class Members;

   c. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

   d. Compensation for all hours worked at a rate not less than the applicable minimum wage;

   e. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

   f. All unpaid wages and overtime compensation;

   g. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

    h.   Reasonable attorney's fees, expert fees, costs, and expenses of this action as provided by the FLSA;

    i.   Pre-judgment and post-judgment interest at the highest rates allowed by law; and

    j.   Such other relief as to which Plaintiff and the opt-in plaintiffs may be entitled.

Dated this 14th day of December, 2012.

Respectfully submitted,

THE LAW OFFICE OF CHRIS R. MILTENBERGER, PLLC

s/ Chris R. Miltenberger
BY: CHRIS R. MILTENBERGER
Texas Bar Number: 14171200
430 N. Carroll, Suite 120
Southlake, Texas 76092
(817) 296-0422
(817) 446-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Rucker, Caleb W.

**DEFENDANTS**
Patterson-UTI Drilling Company, LLC

**(b)** County of Residence of First Listed Plaintiff: Parker
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Scurry
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
817-296-0422 Chris R Miltenberger
Law Office of Chris R Miltenberger
430 N Carroll, #120 Southlake TX 76092

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
FLSA, 29 USC § 206, 207, 215 (a)(2)

Brief description of cause:
Recovery of overtime pay

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED: *(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: Dec 14, 2012
SIGNATURE OF ATTORNEY OF RECORD: Chris R Miltenberger

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

FW018399