

ORIGINAL

cb

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2013 FEB 19 PM 2: 54

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Caleb Rucker, individually and on behalf of all others similarly situated | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action Number : 4-12CV-897-A |
| Patterson-UTI Drilling Company LLC | § § | Jury Demanded |
| Defendant | § § | |

## Joint Status Report

Pursuant to the Court's January 22, 2013 Order, Plaintiffs Caleb Rucker and Juventino "Tino" Cavazos ("Plaintiffs") individually and on behalf of all others similarly situated, and Defendant Patterson-UTI Drilling Company LLC ("Defendant" or "Patterson") (jointly "parties") met in accordance with rule 16.3 of the Local Civil Rules and reached a resolution of the claims asserted in this case. The parties believe this settlement will be concluded by April 19, 2013. The parties submit the following Joint Status Report confirming that the parties held a Joint Status Conference by agreement beginning at 10:00 a.m. on Tuesday, February 19, 2013 at 309 W. 7th Street, Suite 815, Fort Worth, Texas 76102 and ending at 2:30 p.m. Counsel and their respective clients were present and participated in this face to face conference.

**1. A brief statement of the nature of the case, including the contentions of the parties.**

This is an overtime case under the Fair Labor Standards Act ("FLSA"). Plaintiffs claim that Defendant failed to pay Plaintiffs, and other similarly situated employees, overtime wages in violation of the FLSA. Plaintiffs seek all damages to which they, and other similarly situated employees, are entitled, including, but not necessarily limited to, lost overtime pay, liquidated damages, attorney fees and costs.

Plaintiffs have filed this case as a collective action and if the case were not resolved, Plaintiffs would have requested the Court to conditionally certify it as a collective action. Because of this settlement, certification will not be sought.

Procedurally, Defendant contends that this case is not appropriate for conditional or final certification as a collective action. Substantively, Defendant contends that Plaintiffs are exempt from the overtime requirements of the FLSA by reason of the administrative exemption and the highly compensated employee exemption. Defendant contends that in the event Plaintiffs were

determined not to be exempt employees than Plaintiffs should be compensated based upon the fluctuating work week concept as established by *Blackmon v. Brookshire Grocery Co.*, 835 F. 2d 1135 (5th Cir. 1988).

2. **Any challenge to jurisdiction or venue.**

The parties do not challenge either the jurisdiction or venue of this case.

3. **Any pending or contemplated motions (including the dates of filing of motions and responses), an estimate of time needed to file any contemplated motions and a description of anticipated motions.**

The parties do not anticipate the need to have any matters resolved other than the entry of a dismissal with prejudice which they will request to be entered once all settlement papers have been executed which in no event will be later than April 19, 2013.

4. **Any matters which require a conference with the Court.**

No.

5. **Likelihood that other parties will be joined, identities of potential parties and an estimate of the time needed for joinder of such parties.**

Plaintiffs contemplate a total of fifteen employees or former employees opting-in as party plaintiffs by filing consents to be a party plaintiff before the case is fully settled. All fifteen party plaintiffs will be subject to the settlement reached by the parties.

6. **Requested trial date, estimated length of trial, and whether jury has been demanded.**

No trial is necessary as the parties have reached a settlement.

7. **A report concerning the settlement conference and related settlement matters as contemplated by the Court's Order.**

The parties conducted a face-to-face meeting and conference on February 19, 2013. The persons present were Plaintiffs and their counsel Chris R. Miltenberger. For Defendant, Micah Heilbrun, Corporate Counsel - Labor & Employment Patterson-UTI Management Services LLC, along with lead counsel Mark Oberti and local counsel, Shayne Moses, attended the meeting. The persons representing the parties had unlimited settlement authority to resolve this case. After thoroughly discussing settlement and the issues involved in this case, the parties were able to reach a resolution.

8. **A discovery plan as contemplated by Rule 26(f)(3) of the Federal Rules of Civil Procedure.**

   Because the case is settled no discovery is necessary.

9. **Any other matters relevant to the status and disposition of this case.**

   The parties are not aware of any other matters at this time.

Respectfully submitted by:

_____
**Chris R. Miltenberger**
Texas Bar Number: 14171200
430 N. Carroll, Suite 120
Southlake, Texas 76092
(817) 296-0422
(817) 446-5062 (Fax)
chris@crmlawpractice.com

Attorney for Plaintiffs
Caleb Rucker, individually, Juventino Cavazos, individually and on behalf of all others similarly situated

- and –





**Mark J. Oberti**
Texas Bar Number: 00789951
**Edwin Sullivan**
Texas Bar Number: 24003024
723 Main Street, Suite 240
Houston, Texas 77002
(401)773-3555
(403) 773-3547 (Fax)
mark@osattorneys.com
ed@osattorneys.com

**Shayne D. Moses**
Texas Bar Number 14578980
**Moses, Palmer, & Howell, L.L.P.**
309 West 7th Street, Suite 815
Fort Worth, TX 76102
(817) 255-9100
(817) 255-9199 (Fax)
smoses@mph-law.com

Attorneys for Defendant
Patterson-UTI Drilling Company LLC

l:\patterson-uti drilling\pleadings\joint status report settlement (final).docx